UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DALLAS BUYERS CLUB, LLC,

    Plaintiff,

v.                                          Case No. 14-11649
                                            Honorable Linda V. Parker

DOES 1-11,

    Defendants.
_____/

## OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR LEAVE TO FILE SUBPOENA PRIOR TO RULE 26(f) CONFERENCE

On April 25, 2014, Plaintiff Dallas Buyers Club LLC ("Plaintiff") filed this lawsuit against unknown individuals alleging that the individuals infringed Plaintiff's copyright in the motion picture "*Dallas Buyers Club*" ("the Movie") when they downloaded the Movie from the Internet or shared it with the public through an online file-sharing network.  Presently before the Court is Plaintiff's Motion for Leave to File Subpoena Prior to Rule 26(f) Conference, filed May 8, 2014.  Plaintiff filed the motion seeking to serve subpoenas on Internet Service Provider Comcast Cable in order to identify the individuals associated with the Internet Protocol ("IP") addresses from which the alleged infringing conduct was committed.  (*See* Compl. Ex. B.)  For the reasons that follow, the Court grants

Plaintiff's motion with certain conditions imposed.

Plaintiff is the owner of the federally registered copyright to the Movie. (*See* Compl. ¶ 9, Ex. A.) Plaintiff claims Defendants have copied and distributed the Movie via the Internet, without Plaintiff's authorization, permission, or consent. (*See, e.g.*, *Id.* ¶ 14-15.) Crystal Bay Corporation, on behalf of Plaintiff, has identified the IP addresses being used by the individuals conducting the alleged infringing activity and determined that the individuals were using the internet systems of Comcast Cable. (*See* Pl.'s Mot. Ex D.).

Federal Rule of Civil Procedure 26(d)(1) prohibits the propounding of discovery prior to a Rule 26(f) conference, except in limited circumstances not applicable here or when authorized by court order. A number of courts have applied a "good cause" standard to determine whether such discovery should be authorized. *See, e.g., Arista Records LLC v. Does 1-19*, 551 F. Supp. 2d 1, 6 (D.D.C. 2008) (citing cases); *Patrick Collins, Inc. v. Does 1-28*, No. 12-13670, 2012 U.S. Dist. LEXIS 124349, at *2 (E.D. Mich. Aug. 31, 2012). In copyright infringement cases like the present one, courts routinely find good cause to permit discovery in advance of a Rule 26(f) conference to identity the defendants where: (1) the plaintiff makes a prima facie showing of a copyright infringement claim; (2) the plaintiff submits a specific discovery request; (3) the information sought is

limited in scope and not available through alternative means; (4) there is a central need for the subpoenaed information; and (5) there is a minimal expectation of privacy on the part of the defendant.  *See Artista Records, LLC v. Doe*, 604 F.3d 110, 119 (2d Cir. 2010) (citing *Sony Music Entm't, Inc. v. Does 1-40*, 326 F. Supp. 2d 556, 565 (S.D.N.Y. 2004)); *Artista Records LLC*, 551 F. Supp. at 6-7 (citing cases).

Plaintiff establishes that "good cause" exists for it to serve third-party subpoenas on Comcast Cable in advance of a Rule 26(f) conference.  Plaintiff makes a prima facie showing of a claim of copyright infringement, submits a specific discovery request, establishes that there are no alternative means to obtain the information that its seeks through the discovery, establishes a central need for the information, and Defendants have a minimal expectation of privacy.  *Id*.  It is clear to the Court that Defendants must be identified before this suit can progress further.

For these reasons, the Court **GRANTS** Plaintiff's Motion for Leave to File Subpoena Prior to Rule 26(f) Conference, **with certain limitations outlined herein**:

> 1. Plaintiff may serve immediate discovery on Comcast Cable to obtain the identity of each Doe Defendant by serving a Rule 45 subpoena that seeks information sufficient to identify each Defendant, including the individual's name and current (and permanent) addresses.  Disclosure of the information requested is ordered pursuant to 47 U.S.C. § 551(c)(2)(B), which

authorizes cable operators to disclose personally identifiable information when the cable operators are ordered to do so by a court.

2. Plaintiff shall attach a copy of this Opinion and Order to each subpoena that it issues.

3. Any information disclosed to Plaintiff in response to the Rule 45 subpoena may be used by Plaintiff solely for the purpose of protecting Plaintiff's rights as set forth in the Complaint.

4. If and when Comcast Cable is served with a subpoena, it shall give written notice, which may include e-mail notice, to the subscribers in question within seven (7) days of service of the subpoena. If Comcast Cable and/or any Defendant wants to file a motion in response to the subpoena, the party must do so before the return date of the subpoena, which shall not be less than thirty (30) days from the date of such written notice.

5. Comcast Cable shall not produce the information requested before the return date of the subpoena or the resolution of any timely filed motion challenging the subpoena, whichever occurs later.

**SO ORDERED**.

s/ Linda V. Parker
LINDA V. PARKER
UNITED STATES DISTRICT JUDGE

Dated: May 13, 2014

I hereby certify that a copy of the foregoing document was mailed to counsel of record and/or pro se parties on this date, May 13, 2014, by electronic and/or U.S. First Class mail.

s/ Richard Loury
Case Manager